# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DOYLE M. SANDERS,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 13-498-JHP-KEW |
| **JANET DOWLING, Warden,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, attacks his conviction and sentence in Hughes County District Court Case No. CF-2000-55 for four counts of Murder in the Second Degree, After Former Conviction of Two or More Felonies, and Causing a Personal Injury Accident While Operating a Motor Vehicle.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner's appeal of his conviction was affirmed by the Oklahoma Court of Criminal Appeals on December 19, 2002, in *Sanders v. State*, 60 P.3d 1048 (Okla. Crim. App. 2002). His conviction, therefore, became final on March 19, 2003, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). Pursuant to the AEDPA, petitioner's statutory year began to run on March 20, 2003, and it expired on March 20, 2004. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (holding the year begins to run the day after the judgment and sentence becomes final). This habeas corpus petition, filed on November 4, 2013, was untimely.

Petitioner argues the limitations period should begin on the date the United States Supreme Court issued its opinion in *Missouri v. McNealy*, ___ U.S. ___, 133 S.Ct. 1552 (2013). *McNealy* held that natural metabolization of alcohol in the bloodstream does not present a *per se* exigency that justifies an exception to the Fourth Amendment's search warrant requirement for nonconsensual blood testing in all drunk-driving cases, and instead, exigency in this context must be determined case by case, based on the totality of the circumstances. *Id*., 133 S.Ct. at 1556, 1563.

The *McNealy* decision did not recognize a new right and did not make the holding retroactive for petitioner's case. *See United States v. Brown*, No. 13-po-01557, 2013 WL 5604589, at *3 (D.Md. Oct. 11, 2013) (recognizing that *McNealy* construes the Fourth Amendment, and as such it is applied retroactively only to convictions that were not yet final

2

when the decision was rendered). Petitioner challenged his blood draw on direct review, *Sanders*, 60 F.3d at 1049-1051, so he had discovered the factual predicate for the claim when his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). For the reasons set forth above, the court finds this habeas action is untimely.

The court further finds petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** the respondent's motion to dismiss time barred petition (Docket No. 8) is GRANTED, all other pending motions are DENIED as moot, and this action is, in all respects, DISMISSED. Furthermore, petitioner is DENIED a certificate of appealability.

DATED this 30th day of September 2014.

*[signature]*
James H. Payne
United States District Judge
Eastern District of Oklahoma